UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN C., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00446-JCN |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's motion for an award of attorney fees under 42 U.S.C. § 406(b), after a favorable determination on Plaintiff's claim for disability benefits. (Motion, ECF No. 21.) The determination followed a remand order from this Court. Defendant filed a response to the motion, taking no position with respect to the motion.

In September 2016, Plaintiff and his counsel entered into a contingent fee agreement that provided in relevant part:

> Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents' benefits, subject to the approval of said fee by the court.
>
> . . . .
>
> In consideration of the Attorney agreeing to represent the Client on a contingent fee in proceedings before the Court, the Client has agreed to pay the Attorney twenty five percent (25%) of the total past-due benefits which may result from a favorable decision by the court. The parties have agreed to a full twenty five percent, rather than a lesser "reasonable" amount

> calculated on an hourly basis because the client acknowledges that there is a high risk of failure and resulting non-payment in these cases and that as a result the only way the attorney can afford to do these cases is to charge and collect a contingent fee to not only pay a reasonable fee when he is successful but also sufficient to pay personnel costs and other office overhead expended on those cases where he is unsuccessful and receives no payment.

(Contingent Fee Agreement ¶ 3(A), (C), ECF No. 21-4.)

The agreement is in accord with the parameters of 42 U.S.C. § 406(b), which authorizes a court to award a reasonable fee to an attorney who represents a claimant who receives a favorable judgment, provided the fee does not exceed twenty-five percent of the recovered benefits. "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In accordance with the fee agreement and the statute, counsel asks the Court to approve a fee in the amount of $112,992, which is twenty-five percent of the amount of past due Title II benefits ($451,968) awarded to Plaintiff.

The record reflects that counsel represented Plaintiff for about a decade in multiple administrative hearings, administrative appeals, and actions in this Court before Plaintiff ultimately obtained a favorable decision on his claim in May 2026. Counsel devoted 140 hours to prosecuting Plaintiff's claim in federal court and paralegals working with counsel devoted another 10 hours.

Although the requested hourly rate exceeds counsel's customary rate, under the circumstances of this case, the Court is satisfied that the fee is reasonable. Counsel represented Plaintiff for many years and assisted Plaintiff in successfully challenging

multiple adverse decisions to achieve a favorable result. Counsel's experience and knowledge in social security claims undoubtedly contributed to Plaintiff's success.

In sum, given the lengthy history of Plaintiff's claim, the amount of time expended by counsel, and the result achieved, the requested fee is reasonable.[1] The Court, therefore, grants the motion and awards an attorney fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $112,992 (or twenty-five percent of past-due benefits, whichever is less) to Plaintiff's counsel. Plaintiff's counsel shall reimburse Plaintiff the fees previously received under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of September, 2026.

[1] Counsel's usual and customary hourly rate is $395. The hourly rate for the requested contingent fee would be approximately $807 (112,992 ÷ 140). While the hourly rate does not control the Court's reasonableness determination, when compared to counsel's customary rate, the hourly rate reflected by the contingent fee requested is comparable to the hourly rate reflected by other contingent fees approved in social security matters in this district. *See e.g., Weed v. Colvin*, No. 2:14-cv-271-JHR, 2016 WL 3919849, at *3 (D. Me. July 15, 2016).